**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OLIMOV DAMIR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2013-HE** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Olimov Damir, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. The Government responded and Petitioner has replied, Docs. 7, 8, and the Government filed a Notice to the Court. Doc. 9.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner is a citizen of Uzbekistan who states Immigration and Customs Enforcement has detained him since September 23, 2025. Doc. 1, at 2. He alleges a violation of his Fifth Amendment rights; violations of the Immigration and Nationality Act because there was no warrant for his arrest and also because he had not received a bond hearing; and a violation of the Administrative Procedure Act. *Id.* at 6-7. The petition seeks his immediate release or a bond hearing. *Id.* at 7. An Immigration Judge (IJ) has ordered Petitioner's removal, and his appeal of that decision remains pending. Doc. 7, at 2.

On August 26, 2026, he received a bond hearing, after receiving notice in detention the day before. Doc. 8, at 1. Because he did not have counsel or time to prepare, he asks for another hearing so that he can present "all the required papers to the court." *Id.* at 2. He states he has both a clean driving and a clear arrest record, has a CDL license, and has paid all of his taxes. *Id.* at 1-2.

In his order, the IJ concluded:

> The Court is not persuaded that Respondent poses a danger to persons or property. Although safety violations were identified during an inspection of the commercial motor vehicle operated by Respondent, the evidence reflects that the deficiencies were corrected after they were discovered. Under the circumstances presented, the Court does not find those violations sufficient to establish that Respondent poses a danger.

> The Court does, however, have significant concerns regarding flight risk. Respondent has resided in the United States for a relatively short period of time and has not demonstrated a stable, fixed residence. The record reflects that he has lived in both Pennsylvania and New Jersey and has traveled extensively throughout the country. His community ties are limited, consisting principally of occasional attendance at a mosque, and he has no family ties in the United States. Although Respondent identified a potential sponsor, the record contains insufficient evidence regarding the sponsor's ability to provide financial support or otherwise assist in ensuring Respondent's appearance at future immigration proceedings.
>
> Most significantly, Respondent's applications for asylum, cancellation of removal, and protection under the Convention Against Torture have been denied, and he is presently subject to an order of removal. *Considering the record as a whole, the Court finds that Respondent poses an unacceptable risk of flight* that cannot be sufficiently mitigated by the imposition of a monetary bond.

Doc. 9, Ex. 1, at 1 (emphasis added).

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.**

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or

unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

As noted, Petitioner has received a custody redetermination hearing. The IJ considered some of the *In re Guerra* factors and he expressed concern given Petitioner's removal order and concluded Petitioner posed an extreme flight risk. Doc. 9, Ex. 1, at 1. The undersigned concludes the hearing comported with due process. Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.

To the extent Petitioner challenges his arrest on the basis Respondents lacked a warrant, the Court should also deny the petition, because Respondents filed a warrant dated September 23, 2025, the same day

Petitioner's detention began. Doc. 7, Ex. 3. The Court need not consider Petitioner's remaining claims. At best, they would entitle him only to a bond hearing, which he has received. *See Vasquez Pineda v. Mullin*, Case No. CIV-25-469, 2026 WL 1916276 at *2 n. 3 (W.D. Okla. Apr. 7, 2026) (declining to consider the merits of Petitioner's other claims after granting a bond hearing under Section 1226); *Garcia Y Garcia v. Mullin*, Case No. CIV-26-1053, 2026 WL 2059992 at *2 (W.D. Okla. Jul. 16, 2026) (adopted 2026 WL 2078600 (W.D. Okla. Jul. 17, 2026)) (APA claims not available to challenge validity of immigration detention); *Jalloh v. Garland*, Case No. CIV-22-908, 2026 WL 3690252 at *2 (W.D. Okla. May 26, 2023) (remedy for unreasonably long detention before final removal order is individualized bond hearing).

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition because he was not deprived of an individualized custody determination, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 22, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 1st day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE